**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

PAUL D. VAN TASSEL

   Debtor.
_____/

Case No. 10-11742-A-11
DC No. WW-26

FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE APPLICATION FOR ORDER FINDING THAT THE PLAN OF
REORGANIZATION AND DISCLOSURE STATEMENT (COMBINED)
PROVIDE ADEQUATE INFORMATION AND THAT A
SEPARATE DISCLOSURE STATEMENT IS UNNECESSARY;
AND CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT

  On May 6, 2011, the debtor filed an ex parte application asking for an order (1) finding that the plan of reorganization and disclosure statement (combined) provide adequate information and that a separate disclosure statement and disclosure statement hearing are unnecessary; (2) conditionally approving the disclosures in the plan of reorganization and disclosure statement (combined); (3) fixing deadlines within which holders of claims and interest may accept or reject the plan of reorganization and disclosure statement (combined) and file objections thereto; and (4) setting a date for a plan confirmation hearing (the "Application"). The court required the Application to be set for noticed hearing on shortened time. On May 18, 2011, a hearing on the Application was held. At that time, only one creditor appeared. That creditor had no objection to entry of the order requested by the Application. Counsel for

1

the United States Trustee indicated that the United States Trustee might object to the Application.  The court gave the United States Trustee to June 1, 2011, to file a brief in opposition to the Application.  The United States Trustee failed to file a brief in opposition to the Application, which the court construes as the United States Trustee having no objection to the Application.

The debtor in this case is not a "small business debtor" as that term is defined in Bankruptcy Code § 101(51D).  Therefore, the provisions of Bankruptcy Code § 1125(f) are not applicable.  Section 1125(f) provides that in a small business case, the court may conditionally approve a disclosure statement, subject to final approval after notice and a hearing.

On the other hand, disclosure in cases that are not small business cases is governed by § 1125(b).  That section states "An acceptance or rejection of a plan may not be solicited . . . unless, at the time of or before such solicitation, there is transmitted to [creditors] the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information."

Bankruptcy Code § 102(1) defines the phrase "after notice and a hearing" as "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."   Section 102(1)(B) states that after notice and a hearing, "authorizes an act without an actual hearing" in certain circumstances.

Bankruptcy Code § 105(a) provides that the court may "issue any order, process, or judgment that is necessary or appropriate

to carry out the provisions" of the Bankruptcy Code.

Section 1125(b) emphasizes disclosure of adequate information, but it does not expressly state that the disclosure statement need always be in a separate document.

Federal Rule of Bankruptcy Procedure 3017.1 provides the process for conditional approval of disclosure statements in small business cases.

Essentially, in this case, the debtor is asking the court to treat the disclosure statement as a small business disclosure statement. Combining the plan and the disclosure statement does not offend Bankruptcy Code § 1125, which, as pointed out above, does not necessarily require a separate disclosure statement. The question is whether the court, in a case that is not a small business case, as that phrase is defined in the Bankruptcy Code, may approve a disclosure statement conditionally.

In the court's view, there is enough latitude in § 105 to allow the court to approve a disclosure statement conditionally, on a case by case basis, where such approval does not prejudice the rights of any party in interest and provides for an economical and expeditious administration of the case in question. Of course, adequacy of disclosure by the plan proponent is an essential element of plan confirmation. Section 1129(a)(2) requires that for the plan to be confirmed, the plan proponent has complied with the applicable provisions of the Bankruptcy Code, which, of course, include the requirement for adequate disclosure.

In this instance, the court did require the Application to

be set for noticed hearing, albeit on shortened notice.  No party in interest objected to conditional approval of the disclosure statement.  Under the circumstances of this case, the court finds and concludes that conditional approval of the disclosure statement will not prejudice any party in interest.

The court has reviewed the disclosure statement and, on a conditional basis only, approves it as containing adequate information.

Therefore, the Application is granted.  However, the debtor shall submit a proposed form of order that sets forth a date for hearing on plan confirmation, using the court's self-set calendar, along with appropriate dates for ballots, briefing, and evidence.  In doing so, the debtor shall be mindful of the notice requirements of Federal Rule of Bankruptcy Procedure 2002(b)(2) and of Local Rule of Bankruptcy Procedure 9014-1.

DATED: June 7, 2011

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court